IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FILED 2017 JUN 16 PM 2: 19
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC, )
a Florida limited liability company, )
    )  5:17-cv-268-OC-39-PRL
        Plaintiff, )
    )
v. )
    )
AROUND THE CLOCK COOLING, LLC., )
a Florida limited liability company. )
    )
        Defendant )
_____)

## COMPLAINT

Plaintiff AROUND THE CLOCK A/C SERVICE, LLC, (hereinafter "Plaintiff" or "Air Around the Clock"), by and through its undersigned counsel, brings this action against Defendant AROUND THE CLOCK COOLING, LLC, (hereinafter "Defendant"), for trademark infringement under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") and trademark infringement under Fla. Stat. § 495.131.

### NATURE OF ACTION

1. This is a civil action for injunctive and other relief under the Lanham Act for trademark infringement. Plaintiff also claims relief under Florida statutes for trademark infringement. Plaintiff seeks to stop Defendant's use of a colorable imitation of Plaintiff's registered mark in connection with heating and cooling installation services because such use is likely to cause confusion, mistake, or deception of members of the consuming public with respect to providers of air conditioning related services. Earlier this year, Plaintiff became aware of Defendant's use of the phrase "Around The Clock" as a trade name in connection with the

marketing, sale, offering for sale, or advertising of, *inter alia*, heating and cooling installation services. Furthermore, unless enjoined by this Court, Defendant's use of "Around The Clock" will weaken the distinctive quality of Plaintiff's trademark and tarnish the goodwill associated therewith.

## PARTIES

2. Air Around the Clock is a Florida limited liability company having its principal place of business in Broward County, Florida.

3. Defendant is a Florida limited liability company having its principal place of business in Lake County, Florida.

## JURISDICTION AND VENUE

4. This action arises under the Federal Trademark Act of 1946, 15 US.C. §1051 et seq., and Florida state law. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, 1338(a), 1338(b), and 15 U.S.C. §1121, in that this action arises under Acts of Congress relating to trademark. This Court has supplemental jurisdiction over the Florida state law claims pursuant to 28 U.S.C. 1367 in that the claims are so related to the trademark infringement claim that they form part of the same case and controversy.

5. This Court has personal jurisdiction over Defendant as Defendant maintains its principal place of business in this district, has committed acts of trademark infringement and/or tortious acts in this district, and regularly engages in pervasive business activities in this district.

6. Venue is proper as to Defendant in this district under 28 U.S.C. §1391(b) and 1391(c) because a substantial part of the events giving rise to the claims herein occurred in this district and because Defendant has a regular and established place of business and is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

7.     Air Around the Clock is in the business of marketing, selling and performing air conditioning related services, including installation and repair service as well as prepaid preventative maintenance service plans, in interstate commerce through both its place of business in Coral Springs, Florida and on the Internet through a website at the following URL: www.ATCAIR.COM.

8.     Air Around the Clock adopted its AIR AROUND THE CLOCK trademarks in 1988 to identify its air conditioning related services and distinguish its services from other air conditioning services and service providers. Since that time, Plaintiff has continuously used its trademarks in commerce in connection with the marketing, selling and performing of Plaintiff's air conditioning related services and has acquired substantial goodwill in connection with its use of the AIR AROUND THE CLOCK marks.

9.     Air Around the Clock is the owner of two federal trademark registrations for AIR AROUND THE CLOCK marks in connection with air conditioning related services (more fully described in the certificates of registration attached hereto). Federal registration number 3,923,076 is directed at a standard character mark and federal registration number 3,925,353 is directed at a stylized design mark which includes the mark in a logo.

10.    Air Around the Clock is also the owner of two Florida trademark registrations for AIR AROUND THE CLOCK marks for air conditioning related services (more fully described in the certificates of registration attached hereto). Florida registration number T08000000131 is directed at a standard character mark and Florida registration number T98000000693 is directed at a stylized design mark which includes the mark in a logo.

11. Air Around the Clock's federal and state trademark registrations are valid and subsisting, and Air Around the Clock's federal trademark registrations are incontestable. A copy of the registrations are attached to this Complaint as **Exhibit A** and hereby incorporated by this reference.

12. Air Around the Clock's registrations are generally prima facie evidence of Plaintiff's exclusive right to use and authorize the use of the AIR AROUND THE CLOCK marks in commerce in connection with the air conditioning related services as detailed in the registration.

13. Air Around the Clock's incontestable federal trademark registrations are conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the registered mark, and Plaintiff's exclusive right to use the mark with the registered goods and services.

14. The phrase which comprises the literal element of the AIR AROUND THE CLOCK marks, namely "Air Around the Clock" is arbitrary as applied to air conditioning services.

15. The AIR AROUND THE CLOCK marks have been used by Air Around the Clock in commerce in connection with the marketing, selling and performing of air conditioning related services to customers from the state of Florida and from other states since 1988. Plaintiff has continuously used the AIR AROUND THE CLOCK marks in commerce in connection with the marketing, selling and performing of air conditioning related services to customers from the state of Florida and from other states since 1988.

16. Air Around the Clock has used the domain name "ATCAIR.COM" in interstate commerce in association with air conditioning related services offered under the AIR AROUND THE CLOCK marks on the Internet since 1999.

17. Air Around the Clock has expended considerable sums in marketing its air conditioning related services and has exerted every effort to maintain the highest standard of

quality for said services, creating goodwill under the AIR AROUND THE CLOCK marks and the domain name ATCAIR.COM among the purchasing public. Consumers in Florida and from other states have come identify Plaintiff for air conditioning services provided under the AIR AROUND THE CLOCK mark and to trust Plaintiff for its fair and honest dealings in air conditioning related services provided under said marks.

18. Air Around the Clock has enjoyed considerable success and is well known as the source of origin of air conditioning related services to consumers from Florida and from other states under the AIR AROUND THE CLOCK marks for approximately twenty-eight years.

19. Air Around the Clock owns rights in Florida and throughout the United States in and to the AIR AROUND THE CLOCK marks for air conditioning related services which are superior to any rights which either Defendant may claim in and to said marks in any form or style with respect to air conditioning related services.

20. In 2017, Air Around the Clock became aware that Defendant had commenced marketing, selling, offering for sale, and/or advertising its air conditioning related services, including heating and cooling installation services, in Florida generally and, more specifically, in this District, using the phrase "Around The Clock" in its a tradename, Around the Clock Cooling, LLC.

21. By using the phrase "Around The Clock" in its tradename, Defendant has adopted and commenced using a colorable imitation of Air Around the Clock's AIR AROUND THE CLOCK marks in connection with the marketing, offering for sale, sale, and provision of air conditioning related services.

22. Defendant's use of a colorable imitation of Air Around the Clock's AIR AROUND THE CLOCK marks to advertise and promote its air conditioning related services has occurred

and continues to occur with constructive notice of Plaintiff's trademark rights, at least as of February 22, 2011 by virtue of Plaintiff's federal trademark registration number 3,923,076.

23. On information and belief, Defendant's selection and use of the phrase "Around The Clock" in connection with the advertising of services which overlap with the services provided by Air Around the Clock was done with actual knowledge of Plaintiff's AIR AROUND THE CLOCK marks.

24. On information and belief, Defendant's use of "Around The Clock" in its tradename has been a willful, intentional, and deliberate, course of action designed specifically to trade upon the goodwill associated with Plaintiff's AIR AROUND THE CLOCK marks.

25. By using the phrase "Around The Clock" in violation of Air Around the Clock's exclusive trademark rights in the AIR AROUND THE CLOCK marks, Defendant has and/or is attempting to unfairly profit from the name, reputation, and advertising of Plaintiff.

26. Defendant's use of "Around The Clock" to promote its air conditioning related services causes the likelihood of confusion, mistake or deception as to whether its services are sponsored, affiliated, or approved by Plaintiff or whether Plaintiff's services are sponsored, affiliated, or approved by Defendant. Such conduct by Defendant deprives Plaintiff of the ability to control the quality of the services marketed under the infringed marks, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendant, over whom Plaintiff has no control.

27. The goodwill of Air Around the Clock in air conditioning related services that has been acquired over the last twenty-nine (29) years under its AIR AROUND THE CLOCK marks is of significant value, and harm to such goodwill is irreparable.

28. Air Around the Clock has been and will continue to sustain damages which include lost income, profits, and business opportunities as well as irreparable harm to its business, reputation and goodwill as a direct and proximate result of Defendant's actions.

29. Air Around the Clock has no adequate remedy at law for the acts of infringement and other unlawful acts complained of herein and such acts have caused and will continue to cause damage and irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violations of Plaintiff's rights.

30. On information and belief, Defendant's actions will continue unless enjoined by this Court.

31. Plaintiff has retained the law firms of Williams Hilal Wigand Grande, PLLC and The Keys Law Firm, PLLC to represent its interest in these proceeding and is obligated to pay the firms a reasonable attorney's fee and court costs, which fees and costs are recoverable from Defendant under federal and state law.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

32. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 31.

33. Plaintiff's rights in its AIR AROUND THE CLOCK marks have priority over Defendant's use of "Around The Clock" in Defendant's tradename by virtue of Plaintiff's continuous and extensive use and registration of its aforesaid marks in commerce that predate Defendant's use of "Around The Clock" in Defendant's tradename.

34. Plaintiff owns two federal trademark registrations based on the wording AIR AROUND THE CLOCK, including an incontestable registration for "Air Around the Clock" in standard characters.

35. Defendant's adoption and use of "Around The Clock" constitutes an unauthorized use of Plaintiff's registered marks, or a colorable imitation of the same, in commerce in connection with air conditioning related services.

36. Defendant's adoption and use of "Around The Clock" in connection with air conditioning related services creates a likelihood of consumer confusion, mistake or deception.

37. Defendant's infringing actions have been committed, and continue to be committed, with at least constructive notice of the Plaintiff's registered marks.

38. Defendant's infringing actions have caused and are likely to cause confusion, mistake or deceit, and, on information and belief, demonstrate an intentional wrongful and bad faith intent to trade on the goodwill associated with Plaintiff's registered marks.

39. Defendant is causing and are likely to cause substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits and Plaintiff's actual or statutory damages, costs, and reasonable attorneys fees.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER FLA. STAT. § 495.131

40. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 32.

41. Defendant's use of "Around The Clock" in its advertising of and offers to provide heating and cooling installation services has caused, now causes, and is likely to cause confusion, mistake, or deception of the public.

42. Defendant's actions constitute infringement of Plaintiff's registered mark, Registration No. T08000000131, in violation of Fla. Stat. § 495.131 and has weakened the distinctive quality of Plaintiff's trademark and tarnished Plaintiff's goodwill, resulted in Plaintiff

having no control over the nature and quality of the services offered under Plaintiff's trademark, and caused Plaintiff to lose sales.

43. As a result of Defendant's infringing actions, Plaintiff has suffered and, unless enjoined by this Court, will continue to suffer, serious and irreparable injury and damage to its valuable trademark.

44. Defendant's infringing actions have been committed, and continue to be committed, with at least constructive notice of the Plaintiff's trademark rights.

45. Defendant's infringing actions have caused and are likely to cause confusion, mistake or deceit, and, on information and belief, demonstrate an intentional wrongful and bad faith intent to trade on the goodwill associated with Plaintiff's mark.

46. Plaintiff has no adequate remedy at law.

47. Defendant is causing and are likely to cause substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits and Plaintiff's actual or statutory damages, costs, and reasonable attorneys fees.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief against Defendant:

a) an entry of judgment declaring that Defendant has infringed Plaintiff's trademarks, under federal and Florida law;

b) a preliminary and permanent injunction which enjoins Defendant, its officers, directors, agents, servants, employees, successors and assigns and all others in concert and privity with it, from using the Plaintiff's AIR AROUND THE CLOCK marks, or a colorable imitation (including "Around The Clock") in connection with air conditioning related

services or any products and services which would reasonably be thought by the buying public to come from Plaintiff;

c) an entry requiring Defendant to provide an accounting to Plaintiff for Defendant's profits, and a judgment for the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement together with interests and costs; and pay for corrective advertising;

d) an entry declaring this case as exceptional, trebling said damages and awarding reasonable attorneys fees due to the egregious nature of Defendant's acts;

e) an entry requiring Defendant to immediately provide to all of their advertisers, distributors, suppliers, and all others with whom they do business a copy of the Court's injunction order, and otherwise inform them in writing that they must immediately cease, upon pain of contempt of the Court, the marketing and advertising of any air conditioning related services using Plaintiff's trademarks, or any confusingly similar trademark;

f) an entry requiring Defendant to deliver up and destroy all literature, advertising and other material bearing the infringing trademark or other designations for retail air conditioning related services and remove all of its infringement material from the Internet;

g) an entry requiring Defendant to file with this Court and serve on Plaintiff's counsel within fourteen days after the service of an injunction, a report, in writing under oath, setting forth in detail the manner and form in which they have complied with the injunction;

h) such other and further relief as the Court may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable as a matter of right.

On this __14__ day of _____June_____ , 2017.

          **AROUND THE CLOCK AC SERVICE, LLC.**

          Respectfully submitted,

By: /s/ Elias R. Hilal
     Elias R. Hilal, Esq. (FBN 60,337)
     E-mail Address: elias.hilal@erhlaw.com
     WILLIAMS HILAL WIGAND GRANDE, PLLC
     633 SE 3rd Ave Ste 301
     Fort Lauderdale, Florida 33301
     Telephone: (954) 463-2065
     Facsimile: (954) 861-4746

     -and-

     James G. Keys, III, Esq. (FBN 63,943)
     E-mail Address: mail@keyslawfirm.com
     THE KEYS LAW FIRM, PLLC
     3350 SW 148th Ave, Ste 110
     Miramar, Florida 33027
     Telephone: (954) 519-2041
     Facsimile: (954) 519-2042
     *Attorneys for Plaintiff*

## VERIFICATION

I, Eric Pereira declare as follows:

I am authorized by Around the Clock A/C Service, LLC, the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof and the same are true based upon my personal knowledge except as to such matters therein stated to be on information and belief, and as to those matters I believe to be true. Pursuant to the provisions of 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct and further that these statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

**AROUND THE CLOCK AC SERVICE, LLC.**

Executed this __14__ day of __June__, 2017

By: __/s/ Eric Pereira__